Judge Robertson
delivered the .opinion of the Court.
Williams filed a bill in chancery, charging that Fowler had fraudulently obtained a decree against him for the tract of land on which he resides, and praying that the decree be annulled and set aside.
The bill alleges that Fowler’s equity to the land is invalid and unavailing; that no notice, by subpoena or otherwise, was ever given to Williams, of the pendency of the suit against him; that the sheriff had falsely returned a subpoena, executed; that the first intimation which Williams had of the suit, was when a survey was made, under an interlocutory order, by the agent of Fowler, and that the agent lulled him and prevented him from making defence, by assuring him that Fowler did not expect or intend to ask a decree against him, his only object in the suit, being to entitle himself to recourse. It also alleges that the claim of Williams is valid, and superior, in both law and equity, to that of Fowler,
Fowler having demurred to the bill, the court sustained the demurrer and dismissed the'bill.
A judgment or decree obtained by fraud, may be avoided by bill in chancery. The demurrer admits the allegations of the bill, and consequently admits what amounts to fraud, in the procurement of the decree. The record of the suit of Fowler vs. Williams and others, is not filed; a certiorari has failed to bring it up. We cannot, therefore, decide, on the *406 faee 0f the bill alone, that Williams has no equity. The bill contains equitable matter, which, if true, will entitle him to relief. It should, therefore, be although the decree may never have been enforced, Williams may have a right to a bill, Quia Timet.
Triplett, for plaintiff; Haggin and Crittenden, for defendant.
Wherefore,- the decree of the circuit court is reversed and the cause remanded, with instructions to overrule the demurrer.